IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SYLVIA LONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 3:11-cv-00547-P |
| H & P CAPITAL, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW H & P Capital, Inc. ("Defendant") and files its First Amended Answer and Affirmative Defenses as follows:

1. Defendant admits the allegations contained in paragraph 1 of Plaintiff's Complaint stating that Plaintiff's case is based upon her assertion of causes of action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq ("FDCPA"). Otherwise, Defendant denies the remaining allegations in paragraph 1 of Plaintiff's Complaint and denies any liability or wrongful conduct to the extent alleged in said paragraph and demand strict proof of same.

2. To the extent that Defendant's agents acted within the scope of their job duties in accordance with their training, Defendant admits the allegations in paragraph 2. Otherwise, Defendant denies the allegations in paragraph 2 of Plaintiff's Complaint and denies any liability or wrongful conduct to the extent alleged in said paragraph and demand strict proof of same.

3. Defendant admits the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff is a natural person.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 6 of Plaintiff's Complaint and accordingly denies same.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 7 of Plaintiff's Complaint and accordingly denies same.

8. Defendant admits the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that it was attempting to collect a lawful debt incurred by Plaintiff.  Otherwise, Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it placed calls to Plaintiff.  Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations in Paragraph 11 of Plaintiff's Complaint and accordingly denies same.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint including all subparts therein.

17. Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint.

18.Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19.Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20.To the extent that any of Plaintiff's causes of action may survive a motion to dismiss or motion for summary judgment, Defendant admits that Plaintiff may be entitled to a trial by jury.

21.Any allegations of Plaintiff's Complaint not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff has standing to prosecute the case at bar. Defendant has plead and cannot prove that she suffered any injury-in-fact or compensable actual damages. As such, Plaintiff does not have standing under the United States Constitution, Article III, § 2 and the Court should dismiss Plaintiff's case.

## SECOND AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that to the extent a jury or this Court may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. § 1692k(c).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred or diminished by Defendant's right to setoff and/or recoupment arising from defaults, deficiencies or otherwise.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because upon information and belief, Plaintiff failed properly to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Defendant is not liable for any actions of its agents or employees committed outside of the line and scope of their employment.

## SIXTH AFFIRMATIVE DEFENSE

Pleading further, Defendant states that Plaintiff's cause of action under the FDCPA was brought in bad faith and for the purpose of harassment. As such, Defendant is entitled to its necessary and reasonable attorney's fees and court costs pursuant to FDCPA § 1692(k)(1) in an amount to be determined by the Court.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that it be awarded its reasonable attorney's fees and costs incurred in defending this action and such other and further relief, at law or in equity, to which Defendant may be duly entitled.

Respectfully submitted,

/s/ Steven R. Dunn
Steven R. Dunn
Texas State Bar No. 06252250
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
(214) 692.5533 (telephone)
(214) 692.5534 (telecopier)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 1, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following persons:

Peter Cozmyk, Esq.
Krohn & Moss, Ltd.
8043 Corporate Circle, Suite 3
North Royalton, Ohio 44133

                                                              <u>Steven R. Dunn</u>
                                                              Steven R. Dunn