IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SYLVIA LONG,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-cv-00547 |
| | § | |
| **H&P CAPITAL, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff Sylvia Long's ("Plaintiff") Motion for Summary Judgment, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, against Defendant H&P Capital, Inc. ("Defendant"). Pl.'s Mot. Summ. J., ECF No. 82. Having considered the motion, the record in this case, as well as the applicable law, the Court finds that Plaintiff's motion should be and is hereby **GRANTED**.

### I.   BACKGROUND

On March 16, 2011, Plaintiff filed her Complaint against Defendant alleging unlawful debt collection practices in violation of the Fair Debt Collection Practices Act ("FDCPA"). Pl.'s Br. Supp. Mot. Summ. J. 1, ECF No. 82-1. Plaintiff alleges that throughout January 2011, Defendant made repeated telephone calls to Plaintiff related to the collection of a debt allegedly owed to ACE check cashing service. *Id.* at 2. Plaintiff also alleges that Defendant often did not disclose the identity of the caller or that the call was related to the collection of debt. *Id.* Further, Plaintiff states that Defendant's representatives made various threats against Plaintiff, including that she would be "turned over to local authorities," that she had been assigned a "case number," that her case was set

for "higher escalation," and that Defendant would have to "move forward" on her case. *Id.* at 2–3. Now, Plaintiff moves for Summary Judgment on her claims against Defendant under the Fair Debt Collection Practices Act ("FDCPA"). *See generally* Pl.'s Mot. Summ. J., ECF No. 82.

**II.    LEGAL STANDARD**

Summary judgment is proper when the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

Where, as here, no response is filed to a motion for summary judgment, the court may not grant summary judgment by default. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Ford-Evans v. Smith*, 206 F. App'x 332, 334 (5th Cir. 2006). This is true even where the failure to respond violates a local rule. *United States v. Wilson*, 113 F. App'x 17, 18 (5th Cir. 2004).

However, "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). The court may accept the movant's evidence and factual assertions as undisputed. Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an

2

assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion[.]"); *Jegart v. Roman Catholic Church of Diocese of Houma Thibodaux*, 384 F. App'x 398, 400 (5th Cir. 2010). ("When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed. . . .").

### III.   ANALYSIS

Plaintiff moves for summary judgment on its claims brought under 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10). *See* Pl.'s Br. Supp. Mot. Summ. J. 6, ECF No. 82-1. Plaintiff seeks statutory damages and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k. *Id.* at 2. To be entitled to such relief, Plaintiff need only prevail on one of these claims. *See* 15 U.S.C. § 1692k; *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997). The Court will first consider Plaintiff's claims under Section 1692e, then Plaintiff's claims under Section 1692e(5), and finally Plaintiff's claims under Section 1692e(10).

#### A.   Section 1692e Claims

Plaintiff moves for Summary Judgment on her claims against Defendant under 15 U.S.C. § 1692e. This Section prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. Subsection 1692e(11) specifically prohibits the "failure to disclose in any [initial or] subsequent communications that the communication is from a debt collector." *Id.* § 1692e(11).  The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium."  15 U.S.C. § 1692a(2).

3

Plaintiff alleges in the present case that Defendant and Defendant's employees often failed to disclose in communications with Plaintiff that the purpose of the communication was the collection of debt. Pl.'s Br. Supp. Mot. Summ. J. 7, ECF No. 82-1. Plaintiff attaches the transcripts of two voicemail recordings to its motion. In the first voicemail, the caller identifies himself, states that he works for Defendant, and tells Plaintiff that he is calling to discuss "a matter." *Id.* Ex. B (Black Voicemail). In the second voicemail, the caller identifies herself, states that she works for Defendant, and tells Plaintiff that she is calling to discuss "a document and claim here in my office." *Id.* Ex. C (Green Voicemail). Neither voicemail identifies that the call was from a debt collector, but both voicemails convey information regarding a debt. Because Defendant's employees failed to identify themselves as debt collectors, Defendant violated Section 1692e(11). Thus, the Court finds that Defendant has violated 15 U.S.C. § 1692e.

### B. Section 1692e(5) Claims

Alternatively, Plaintiff moves for summary judgment on her claims against Defendant under 15 U.S.C. § 1692e(5). This Section prohibits a debt collector from making "a threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). The debt collector's representations must be analyzed by considering them from the perspective of a consumer with below-average sophistication or intelligence. *Taylor*, 103 F.3d at 1236. The Second Circuit has found that a debt collector who makes vague references that could be interpreted to imply that he is about to take some sort of legal action violates this section if he has no intentions of taking the threatened action. *See Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989).

In the present case, Plaintiff alleges that Defendant threatened to turn her "over to the authorities" or to "escalate" her case if she did not pay the debt. Pl.'s Br. Supp. Mot. Summ. J. Ex. A (Long Aff.), ¶ 5, ECF No. 82-1. The second attached voicemail transcript states that Defendant will have to "move forward today" and that this is Defendant's "final attempt" to make contact. *Id.* Ex. C (Green Voicemail). These vague statements are such that an unsophisticated debtor could interpret them to threaten pending legal action. Plaintiff asserts that Defendant did not intend to pursue any legal actions. *Id.* at 10. Taking Plaintiff's evidence and factual assertions as true, the Court finds that Defendant violated 15 U.S.C. § 1692e(5) by threatening action that it did not intend to pursue.

**C. Section 1692e(10) Claims**

Alternatively, Plaintiff moves for summary judgment on her claims against Defendant under 15 U.S.C. § 1692e(10). This Section prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt. . . ." 15 U.S.C. § 1692e(10). A violation under this Section is evaluated under the unsophisticated or least-sophisticated consumer standard. *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004).

As discussed above, Plaintiff offers evidence in support of her claim that Defendant made threats that would cause an unsophisticated person to believe that the debt collector was about to take legal action against her. *See supra* Part III.B. Plaintiff asserts that Defendant did not intend to take such legal action. Pl.'s Br. Supp. Mot. Summ. J. 10, ECF No. 82-1. To imply that legal action is forthcoming when in fact no legal action is being contemplated is a deceptive means to attempt to collect a debt. Therefore, the Court finds that Defendant violated 15 U.S.C. § 1692e(10).

5

## IV.    RELIEF

The FDCPA allows damages in the form of actual damages, additional damages of up to $1,000, and reasonable attorney's fees and costs of the action. 15 U.S.C. § 1692k(a). Plaintiff requests statutory damages of $1,000 and reasonable attorney's fees and costs of the action. The Court finds this relief to be appropriate.

The Fifth Circuit uses the lodestar method for calculating reasonable attorney's fees. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The first step under the lodestar method is to determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See id.* at 324. In the second step of the lodestar method, a court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *See id.*; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The claimants must establish a reasonable hourly rate and the total numbers of hours expended on this litigation, or otherwise establish by particular methods of billing or calculation the requisite evidence of reasonable and necessary attorney's fees. *Chevron Intellectual Prop., L.L.C. v. Allen*, 7:08-CV-98-O, 2009 WL 2596610, at *4 (N.D. Tex. Aug. 24, 2009); *see Tollett v. City of Kemah*, 285 F.3d 357, 367–68 (5th Cir. 2002). An affidavit from a responsible attorney may set out these details sufficiently.

Plaintiff has not yet provided the Court with information needed to calculate reasonable attorney's fees or costs of the action. Thus, Plaintiff is **ORDERED** to produce affidavits providing the Court with this information to calculate costs of the action and reasonable attorney's fees under the lodestar method on or before **July 30, 2013.**

6

## V.   CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion for Summery Judgment (ECF No. 82) is **GRANTED**.

**SO ORDERED** on this **23rd day** of **July, 2013.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**