IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SYLVIA LONG, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-00547 |
| H&P CAPITAL, INC., | § § § | |
| Defendant. | § § § | |

**ORDER**

The Court has previously granted Plaintiff Sylvia Long's ("Long") Motion for Summary Judgment against Defendant H&P Capital, Inc. ("H&P") on July 23, 2013. The Court granted Plaintiff relief in the form of statutory damages, reasonable attorneys fees, and reasonable costs of the action. *See* Order, July 23, 2013, ECF No. 83. The Court ordered Long to file affidavits providing the Court with sufficient information to calculate reasonable attorneys' fees and costs of the action. *See id*.

Long has filed a detailed record of the hours spent by each attorney working for her on this litigation and a record of her litigation costs. *See generally* Pl.'s Mot. Att'y's Fees Ex. 1 (Timekeeper Information), ECF No. 84-1. The accuracy of these documents is supported by the sworn declarations of three of the attorneys involved. *See id*. Ex. 2 (Cozmyk Decl.); *id*. Ex. 3 (Slodowy Decl.); *id*. Ex. 4 (Lee Decl.). H&P has not challenged the veracity of these documents. In light of these documents, the Court determines that the amount of reasonable attorneys fees to be awarded is $41,933.00 and the amount of reasonable litigation costs to be awarded is $755.64.

**I.     ATTORNEYS' FEES**

Long has requested $41,933.00 in attorneys' fees. *See* Pl.'s Mot. Att'y's Fees 1, ECF No. 84. The Fifth Circuit uses the lodestar method to calculate reasonable attorneys' fees. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The first step under the lodestar method is to determine the "lodestar" amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See id*. In the second step, the Court considers whether the lodestar figure should be adjusted upward or downward depending on its analysis of additional factors. *See id.*; *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The Fifth Circuit requires that the claimants establish a reasonable hourly rate and the total numbers of hours expended on this litigation, or otherwise establish by particular methods of billing or calculation the requisite evidence of reasonable and necessary attorneys' fees. *Chevron Intellectual Prop., L.L.C. v. Allen*, 7:08-CV-98-O, 2009 WL 2596610, at *4 (N.D. Tex. Aug. 24, 2009); *see Tollett v. City of Kemah*, 285 F.3d 357, 367–68 (5th Cir. 2002).

Long has provided lodestar calculations based on the figures provided in her record of attorneys' hours. *See* Pl.'s Mot. Att'y's Fees Ex. 1 (Timekeeper Information), App. 12, ECF No. 84-1. Long supports the reasonableness of her attorneys' hourly rates by providing national and regional surveys of the hourly rates of attorneys involved in consumer law. *See id.* Ex. 5 (Attorneys' Fee Survey); *id*. Ex. 6 (Laffey Matrix). In light of these documents, the Court finds that the hourly rates provided by Long for each of her attorneys is reasonable. Long supports the reasonableness of the recorded total number of hours worked by providing detailed records of each attorney's activities. *See* Pl.'s Mot. Att'y's Fees Ex. 1 (Timekeeper Information), App. 2–10, ECF No. 84-1. Upon

review of the time and activities recorded for each attorney, the Court finds Long's calculation of the total hour count for each attorney to be reasonable. *See id.* Ex. 1 (Timekeeper Information). The Court does not find a sufficient reason to adjust the lodestar amount upward or downward. Therefore, the Court awards Long $41,933.00 in reasonable attorneys' fees.

## II.    COSTS RELATED TO THE ACTION

Long has also requested $755.64 in litigation costs. *See* Pl.'s Mot. Att'y's Fees 1, ECF No. 84. She supports this figure with a detailed record of the expenses made in relation to the litigation. *See* Pl.'s Mot. Att'y's Fees Ex. 1 (Timekeeper Information), App. 11, ECF No. 84-1. Upon review of this record, the Court awards Long $755.64 in reasonable costs of the action.

## III.   CONCLUSION

Based on the foregoing, it is **ORDERED** that Long be awarded attorneys' fees totaling $41,933.00 and litigation costs totaling $755.64.

Signed this 2nd day of August, 2013.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**